## J. F. HOUX ET AL. v. HYMAN BLUM.
### No. 802.

**1.  Pleading—Fraud—Proof Without Allegation.**—Fraud must be pleaded, and proof of fraud in procuring a conveyance will not avail as a defense where there is no allegation of such fraud.

**2.  Evidence—Attorney.**—That the witness was attorney for the defendant in relation to matters concerning which he testifies, is not of itself a ground upon which the defendant can exclude his testimony.

**3.  Practice on Appeal—Conflicting Evidence.**—Where the evidence is conflicting, and such as would sustain a verdict for either party, the judgment will not be disturbed by the appellate court.

APPEAL from Galveston.    Tried below before Hon. WILLIAM H. STEWART.

*A. J. & J. D. Harvey* and *W. H. Poole,* for appellants.—If Tompkins was the legal adviser of Houx at the time the deed of November 9, 1893, in this suit assailed, was made, then his testimony as to what was said by the makers of the deed to him or in his hearing was incompetent, and should have been excluded.    The evidence showed that Tompkins had been the lawyer for defendant Houx all the way through his business embarrassments, and his legal adviser, in whom Houx placed the highest confidence, and that he resided in the same town in which defendant resided at the time of the transaction, as well as at the time of the trial, and his presence as a witness against defendant at the trial could not have been anticipated by defendants, wherefore the witness was incompetent as a witness against the defendant called by the opposite party, in whose behalf he testified, and such evidence should have been rejected.

*Scott, Levi & Smith,* for appellee.—1.  Although the deed of Houx and wife of November 9, 1893, may have been executed by the wife, with the understanding and intention on her part that it was a mortgage, yet in absence of proof that knowledge of such understanding

or intention was known to appellee or those whom he represented, or that they had notice thereof, and in the absence of allegation or proof of fraud in the procurement of her privy acknowledgment, Mrs. Houx's unknown and undisclosed intention can not change the character of the deed, regular in all respects, and absolute on its face.  Webb v. Burney, 70 Texas, 322;  Calhoun v. Lumpkin, 60 Texas, 186;  Brewster v. Davis, 56 Texas, 430;  Herring v. White, 25 S. W. Rep., 1016;  Miller v. Yturria, 69 Texas, 552.

2.  The appellants can not here complain of the admissibility of the testimony of Tompkins, as no objection was made thereto upon the trial, and no exceptions made to its admission by the court, or bill of exceptions taken so as to properly present the matter to this court. Railway v. Hogsett, 67 Texas, 685;  Wells v. Burt, 22 S. W. Rep., 419.

3.  The evidence in the court below being conflicting, and the court having found in favor of appellee, this court will not disturb that finding, the evidence not only being ample to sustain said finding, but greatly preponderating in appellee's favor.  Wells v. Yarbrough, 84 Texas, 663;  Crohn v. Hehn, 77 Texas, 319;  Williams v. Ford, 27 S. W. Rep., 723;  Railway v. Dawson, 62 Texas, 261;  Patton v. Gregory, 21 Texas, 514;  Reeves v. Roberts, 62 Texas, 550;  Floyd v. Rice, 28 Texas, 342;  Lichtenstein v. Lowenstein, 2 Posey's U. C., 384;  Southall v. Southall, 6 C. A. R., 697.

PLEASANTS, ASSOCIATE JUSTICE.—The statement of the nature and result of this suit is thus given by appellant's counsel in their brief:

"J. F. Houx was a merchant doing business on lots 4 and 5, block 142, in the city of Hempstead, Texas, for a number of years prior to September, 1893, which property he owned.  That he was a married man, with wife and family of children living in said city of Hempstead, and that he had no other place of business.  That he made a statutory assignment, in September, 1893, and afterwards met Mr. Chew, representing Carson, Sewall & Co., and B. F. Castan, representing L. & H. Blum, and Marx & Blum, Houx's creditors, at the office of Carson, Sewall & Co., in Houston, Texas, for the purpose of arriving at some plan of adjustment of Houx's business affairs.  This was early in October, 1893.  The matter was fully discussed between them at more than one meeting.  It was finally determined that lots 4 and 5, block 142, aforesaid, was to be conveyed to Hyman Blum, as trustee for the creditors, L. & H. Blum, Marx & Blum, and Carson, Sewall & Co.

"On November 9, 1893, J. F. Houx and wife deeded to Hyman Blum, for $4000, the said property.  This deed was delivered to the hands of Chew and Castan, at Houston, Texas, the next day; and on the 20th of November, 1893, Hyman Blum conveyed the same property back to J. F. Houx for $4000, to be paid in monthly installments of $100 each, beginning January 15, 1894, with interest at 8 per cent per annum from date, payable semi-annually, and retaining a vendor's lien to secure such payments.  J. F. Houx executed the same day his

note for said purchase money, $4000, payable as before stated, and providing, that in case of default of payment of either installment, the whole debt matured at the election of the holder of the note; and in case, after maturity, the same was sued on, etc., 10 per cent should be added as attorney's fee. Defendant made default in the first installment, that fell due January 15, 1894, and this suit was begun January 22, 1894, on said note, for the debt, interest, attorney's fee, and foreclosure of the vendor's lien.

"The defendants answered February 2, 1894, by general denial, and set up their homestead rights in the property; and that the deed of October 9, 1893, was intended by both Houx and his wife as a lien to secure a debt to L. & H. Blum, Carson, Sewall & Co., and Marx & Blum. That the deed was signed and executed with that understanding and intention; and that Hyman Blum was but a trustee in the transaction for the before named creditors. That Houx owed these parties at the time said deeds were executed, and owes them yet; that the transaction of settlement began in verbal conversations early in October, and ended in the two deeds, one from Houx and wife to Blum, November 9, 1893, and the other from Blum to Houx, November 20, 1893, for which Houx gave the note sued on. That the whole transaction was intended as a lien on exempt homestead property, and was void. All these matters were replied to by pleadings, and at the April Term, 1894, the case was tried before the court without a jury, resulting in a judgment for plaintiff, with foreclosure of the vendor's lien expressed in the note sued on."

From this judgment the defendants appeal to this court. Several errors are assigned; and it is suggested by counsel for appellees, that many of the assignments should not be considered by us, because too general; and that the sixth assignment is rather a statement of evidence adduced upon the trial than an assignment of error. These objections to the assignments specified are in our opinion well founded.

From the remaining assignments, as we understand them, the objections urged by appellants to the judgment, are, first, that it is based in part upon the testimony of A. C. Thompkins, Esq., who was the counsel of J. F. Houx, and was present with him when the latter agreed with certain of his creditors to convey the property in question to appellee in trust for them, and that Thompkins was still counsel for Houx when he prepared the deed of conveyance to appellee and took the acknowledgments of the appellants thereto; and second, that the witness Thompkins, when Houx agreed to convey the property, was selected by the appellee, Hyman Blum, and the creditors for whose benefit the conveyance was made, to prepare the deed, and to obtain the signatures of appellants to the same; and being thus the agent of said creditors to procure the conveyance for them, knowledge to Thompkins that Mrs. Houx signed the deed under the impression and belief, induced by the declaration made to her by her husband and Thompkins, that the deed was intended only as a mortgage of the

property, was knowledge to the appellees, and that therefore the deed is as to Mrs. Houx a mortgage, and not an absolute conveyance.

As to this last objection, it is true that if Mrs. Houx was induced to execute the deed upon assurances made to her by appellee, or by the agent of appellee, that the instrument was only a mortgage, when in fact it was an absolute sale of the property, such deception would have been a fraud which would avoid the conveyance as to Mrs. Houx. But before fraud can be proved it must be pleaded; and there is no allegation that fraud was practiced by appellee upon either of the appellants in procuring the conveyance.

As to the first objection urged to the judgment, there was no objection made to the testimony of the witness Thompkins by appellants at the trial of the cause; and had the witness testified to material facts obtained by him through the confidential relations existing between him and his client, we think the objection to such testimony could not be raised for the first time in this court. But this question we need not and do not decide, for the reason that no such question is presented by the facts. The testimony of the witness, so far as it could have any bearing upon the issues between the litigants, was confined to what transpired between Houx and the witness and the creditors of the former at the interviews held between them in October, 1893, and on the 10th of November of that year, when this conveyance was executed by appellants to appellee, and to what was said by himself and Mrs. Houx touching the deed, when she appeared before him as a notary public, and acknowledged her signature to the same. Had the objection to this testimony which is made here been made in the court below, it should have been overruled.

The case was tried by the judge without a jury, and there are no conclusions of law and fact filed by the judge. The evidence is conflicting as to whether the conveyance of the 10th of November, 1893, which constitutes the plaintiff's cause of action, was intended as a mortgage or an absolute sale; there is evidence to support a judgment in favor of either plaintiffs or defendants. This is our conclusion upon the facts; and another conclusion is, that if the testimony of the witness Thompkins be excluded, there will be still evidence sufficient to sustain the judgment.

The judgment is affirmed.

*Affirmed.*

Delivered February 28, 1895.