LEANDER JOHNSON v. THE STATE.

No. 3474.   Decided March 17, 1915.

**1.—Murder—Declarations of Defendant—Bill of Exceptions.**

In the absence of a bill of exceptions with reference to an objection to
the admission of defendant's declaration, the same cannot be considered on ap-
peal; besides, if considered, the same was admissible.

**2.—Same—Misconduct of the Jury.**

In the absence of evidence with reference to the misconduct of the jury,
in that one of the jurors declared if he had had time he would have hung the
jury, the same cannot be considered; besides, the juror will not be allowed to
impeach his verdict in this way.

**3.—Same—Jury and Jury Law.**

Where it did not appear from the record that defendant had learned with
reference to the prejudice of the juror since the trial, but must have known
before trial, there was no error on this ground.

**4.—Same—Misconduct of Jury.**

Where it was contended that one of the jurors considered evidence which
had been excluded, but the record showed that this was not the case, and it
appeared that the court heard evidence and overruled all these matters, there
was no error.

Appeal from the District Court of Lamar.   Tried below before the
Hon. Ben H. Denton.

Appeal from a conviction of murder; penalty, ten years imprison-
ment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder and his pun-
ishment assessed at ten years confinement in the penitentiary.

The first ground in the motion for a new trial complains that the
court erred in permitting Col. J. S. Williams to testify to statements
made by appellant in his presence, and in the presence of appellant's
attorney on the occasion of their visit to the scene of the homicide.
The motion does not disclose what the statements testified to were;
there is no bill of exceptions in the record evidencing that the testimony
was objected to when offered, consequently it is not presented in a way
to authorize a review of that question.   However, having read the
statement of facts we think the evidence admissible.   Appellant was
carrying on a general conversation, and, while his attorney was present,

it was not in the nature of a privilege communication to his attorney, but a remark to all present.

In another ground it is contended that a juryman, Mr. Tolbert, said, after being discharged, "if he had had time he would have hung the jury." This ground of the motion is contested, and it appears the court heard evidence thereon. The evidence is not before us, consequently we can not review this ground. But, as a matter of law, a juryman will not be thus allowed to impeach his verdict after being discharged.

In another ground it is contended that the juror J. M. Barr was prejudiced against appellant. If so, such facts were as well known before the trial as after verdict. At least there is no statement in the motion that appellant had learned such facts since the trial of the case.

The only other ground is, that the juryman Barr considered evidence which was by the court excluded. In the contest of the motion it is stated: "The State respectfully shows to the court that the juror Barr did not consider any fact or circumstance against the defendant upon the trial of this cause, except the evidence in this cause; that the juror Tolbert did not make the statement to the man Baker, as charged by the defendant in his motion and did not convict the defendant believing that he was not guilty on account of having some business to attend to, but convicted the defendant because the evidence established the fact that the defendant was guilty, and no business of the juror had anything to do with the conviction of the defendant, and that said juror will so testify.

"That nothing was discussed in the jury room or at any time except the evidence introduced in this case, under the charge of the court and there was no misconduct on the part of any juror and that there is now in attendance upon this court the juror Barr and the juror Tolbert, and cther jurors in this case, all of whom will testify to the facts alleged in this contest, and the State requests that said jurors be permitted to testify in support of this contest." It appears the court heard evidence on all these matters and overruled the motion. If appellant expected us to review the action of the court, he should have presented the testimony heard on the motion.

The judgment is affirmed.

*Affirmed.*