MINOR v. BISHOP. (No. 1530.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1915.)

1. WITNESSES ⊃206— 'PRIVILEGED COMMUNICATIONS"—ATTORNEY AND CLIENT.

A communication to an attorney was not a privileged one, where the parties had the same attorney and made communications in the presence and hearing of all for the information of all.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 761, 764, 765; Dec. Dig. ⊃206.

For other definitions, see Words and Phrases, First and Second Series, Privileged Communication.]

2. TRIAL ⊃25—RIGHT TO OPEN AND CLOSE.

It is the province of the court alone to determine the right to open and conclude the argument.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 44–75; Dec. Dig. ⊃25.]

Appeal from Hopkins County Court; Dan R. Junell, Judge.

Action by G. W. Bishop against J. K. Minor and others. From the judgment for plaintiff, defendant J. K. Minor, appeals. Judgment as to appellant reversed and remanded, and judgment otherwise undisturbed.

J. A. Dial and A. W. King, both of Sulphur Springs, for appellant. D. Thornton and E. Thornton, both of Sulphur Springs, for appellee.

LEVY, J. On October 15, 1913, T. W. Melton, J. K. Minor, C. D. Cawthron, and seven others executed and delivered to G. W. Bishop a promissory note for $275, due October 15, 1914. After the maturity of the note G. W. Bishop, as owner, brought suit on the note. Judgment by default was taken against all the signers of the note except C. D. Cawthron and J. K. Minor. J. K. Minor, who alone appeals, pleaded in confession and

avoidance, that he had been released by appellee as a joint obligor and maker of the note under and in virtue of an agreement made upon a valuable consideration in August, 1914. There was a trial before a jury, and verdict in favor of appellee.

[1] Upon the trial of the case the appellant testified that he and appellee made an agreement of release, as pleaded by him, and that it was done in the office and in the presence of Mr. C. E. Sheppard, an attorney. The evidence of appellee Bishop was in denial of any agreement of release. Appellant called as a witness Mr. Sheppard—

"for the purpose," as the bill of exception reads, "of proving a conversation that took place in the said Sheppard's office by and between the said Sheppard, plaintiff, and J. K. Minor, wherein it was contended by said Minor that the said Sheppard would testify that plaintiff had agreed to release the said Minor if the said Minor would make bail bonds to release plaintiff's two sons, who were charged with crime."

The appellee interposed objection to Mr. Sheppard testifying upon the ground that the conversation was privileged communication between attorney and client. The court sustained the objection of appellee, and that ruling of the court is assigned as error. It is concluded that the offered evidence cannot be pronounced incompetent on the ground that the communication to the attorney was a privileged one, for there can be no privilege, among themselves, where both parties having the same attorney make communications in the presence and hearing of all, intended for the information of all. Henderson v. Terry, 62 Tex. 281; Cady v. Walker, 62 Mich. 157, 28 N. W. 805, 4 Am. St. Rep. 834; Hanlon v. Doherty, 109 Ind. 37, 9 N. E. 782; 40 Cyc. p. 2368; 1 Greenleaf, Ev. (Ed. 1899), § 245. The error is sufficient in the record to cause reversal.

[2] The third assignment of error is overruled, as it was not error to refuse to so instruct the jury. It is the province of the court alone to determine the right to open and conclude the argument. Therefore the question made by appellant in his propositions cannot be considered and must be left open, in view of the form of the assignment and exception presented.

The judgment is reversed and the cause remanded for a new trial as to appellant. The judgment as to the other defendants, not being appealed from, will remain undisturbed.

