## COE v. WIDENER et ux.

### No. 12676.

Court of Civil Appeals of Texas. Dallas.

Nov. 5, 1938.

Rehearing Denied Dec. 10, 1938.

Rufus N. McKnight, of Dallas, for appellant.

R. Guy Carter and Howard Barker, both of Dallas, for appellees.

LOONEY, Justice.

Mrs. Mae Coe, appellant, sued Mrs. J. F. Widener and husband, appellees, to recover title and possession of two diamond rings. Being in debt and in need of money, appellant obtained from Mrs. Widener $220, of which $120 was paid to Utay Jewelry Company to redeem the diamond rings held by the company as security for debt and $100 was turned over to Edgar P. Haney, attorney for appellant, to be used in settling with and satisfying her creditors, thereupon the rings were delivered to Mrs. Widener.

The contention of appellant was and is that the money paid by Mrs. Widener was a loan, and that the rings were delivered to her as security; on the other hand, Mrs. Widener contended and contends here that she purchased the rings outright. The case was submitted to a jury on that issue, which being found in favor of Mrs. Widener, the court rendered judgment accordingly, from which this appeal was taken. The evidence authorized the findings of the jury, and the verdict justified the judgment; in fact, appellant does not contend otherwise, but assigns error on rulings of the court, in admitting over her objections certain evidence.

As a predicate for the consideration of the assignments, the following statement is deemed pertinent: Plaintiff testified, in effect, that being sorely in need of money, she solicited the services of Mr. Haney, an attorney, to aid in pacifying her creditors, and he suggesting that Mrs. Widener might be able and willing to help, she was called into their conference, plaintiff stating that she had to raise some money or else lose her furniture; that she had two diamond rings, held by the Utay Jewelry Company as a pledge, and that the debt was over-due, and it being suggested that, if appellant could redeem the rings she would be able to raise more money, the next afternoon appellant, Mrs. Widener and Mr. Haney together went to the Utay Jewelry Company and the rings were redeemed by Mrs. Widener paying $120, and they were delivered to her and Mrs. Widener also paid $100 to Mr. Haney, who was authorized by appellant to pay the same to her creditors.

 While on the stand as a witness, Mr. Haney was asked, (1) to state the facts and circumstances under which the check for $100 was given and what it represented,

and (2) to state what occurred between appellant and Mrs. Widener in regard to the transaction involving the diamond rings.

Objections were urged to these questions, on the ground that the matters inquired about were privileged and that, if the questions were answered, the witness would be compelled to divulge confidential communications between attorney and client. The objections were overruled and the witness anwered that, the check (for $100) was drawn by Mrs. Widener for money that she owed Mrs. Coe on the purchase of some diamonds; that Mrs. Coe instructed witness what to do with the $100—that is, to pay it out on her debts; and to the second question, witness answered, in substance, that he paid Stewart Furniture Company on the indebtedness it held against Mrs. Coe; that he went with her and Mrs. Widener to the Utay Jewelry Company to get the rings; and that, after they were obtained, Mrs. Widener asked for a bill of sale, Mrs. Coe saying she would execute same on payment of the $220, which was the consideration to be paid. After the witness had thus answered, appellant's attorney renewed his objection, and moved the court to strike the answers from the record, and instruct the jury not to consider same for any purpose. This motion was also overruled, to which exceptions were reserved.

We do not think the court erred in admitting the evidence. The matters inquired about referred to communications and occurrences had in the presence of and between the parties—that is, appellant, Mrs. Widener and Haney—hence was not privileged matter. See Houx v. Blum, 9 Tex. Civ.App. 588, 29 S.W. 1135; Smith v. Guerre, Tex.Civ.App., 159 S.W. 417, 419; Johnson v. State, 76 Tex.Cr.R. 346, 174 S. W. 1047; Minor v. Bishop, Tex.Civ.App., 180 S.W. 909.

On cross-examination, appellant was asked if she had sold to Stewart Furniture Company any furniture that was under mortgage to another company (the Haverty). The question was objected to as being immaterial, irrelevant and prejudicial; which was overruled by the court, and the witness answered that she had turned over some furniture to the Stewart Company, with the understanding that she could later redeem it. In this connection, L. A. Fox, a representative of the Haverty Company, was asked if he went to the Stewart Furniture Company to check up on some furniture sold to it by appellant, upon which his company (the Haverty) held a mortgage. The question was objected to by appellant, on the ground that it was immaterial, irrelevant and prejudicial; but the objection was overruled, and the witness answered that he did visit the Stewart Furniture Company for the purpose mentioned and found some of the furniture that had been sold to the Stewart Company by appellant, upon which his company held a mortgage; whereupon, witness informed the Stewart Company that "We (the Haverty) have a mortgage on it". Mr. T. R. Stewart, of Stewart Furniture Company, was asked if he had bought from appellant some furniture, and if so, to state the facts in regard to the transaction and as to how much he paid for same. Appellant objected to the question, on the ground that it was immaterial, irrelevant and prejudicial. The objection being overruled, witness answered that he bought some furniture from appellant, paying $61 for the same, part of which had been sold, but that later she redeemed it.

It is obvious, we think, that the transaction between appellant and the Stewart Furniture Company, whether considered a pledge to secure an indebtedness, as testified to by appellant, or a sale of furniture by appellant to the company, as testified to by Mr. Stewart, bore no relation to and shed no light upon the issue being tried—that is, whether the diamond ring transaction between appellant and Mrs. Widener was a loan of money, upon the rings as security, or an outright sale of the rings. The testimony of the witnesses Fox and Stewart was calculated to divert the minds of the jury from the main issue, and besides, was prejudicial—in that, it tended to place appellant before the jury in the unfavorable light of having illegally disposed of mortgaged property; and this idea was enlarged upon and the prejudicial tendencies emphasized, by the testimony of Mrs. Widener, who was asked what appellant said about having to get some money to redeem mortgaged furniture which she had sold; answered, over objections by appellant that the testimony was immaterial, irrelevant and prejudicial, that, appellant said she had sold some mortgaged furniture to a furniture company in Oak Cliff, and that if she did not raise some money to redeem it, was afraid she would be arrested on account of the Stewart Furniture Company deal; that she was afraid to go home at night, for fear that a detective was waiting to arrest her.

260

We are of opinion that all testimony in regard to the Stewart Furniture Company transaction not only was immaterial and irrelevant, but upon the whole highly prejudicial—in fact, served the purpose of an impeachment of appellant in a manner not authorized by the rules of evidence, hence, we think, its admission constituted prejudicial and reversible error.

Because of the admission of immaterial and prejudicial evidence, the judgment of the court below is reversed and the cause remanded for further proceedings.

Reversed and remanded.