L. J. COPELAND V. THE STATE.

No. 21177.  Delivered October 30, 1940.

The opinion states the case.

*Fred Whitaker,* of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of fifty dollars. The punishment assessed is confinement in the State penitentiary for a term of three years.

It appears from the record that on or about November 18, 1939, appellant and his three companions came from Texarkana to Carthage in his automobile. They arrived in Carthage about 7:30 a. m. and immediately went ot the Hawthorne Dry Goods Company store of which E. C. Clabaugh was in charge and stole one suit of clothes, nine pair of pants and nine pair of women's hose, the total value of which was $61,17. The parties were arrested while in the act of leaving Carthage and the property was recovered.

Appellant made a voluntary confession to the District Attorney which he repudiated on his trial. His contention is that he brought his co-defendant to Carthage at their request; that he did not know their purpose in coming, nor did he know that they had stolen any of the property until the officers overtook them and found the property concealed under the rear seat of the car. He denied that he was in the store on the morning in question. However, there was testimony given by his companions and other parties that he did enter the store at the time.

Appellant filed a plea for suspension of sentence in case of a conviction and proved a good general reputation as a law-abiding citizen.

Bills of Exception Nos. 1, 2 and 4 relate to some claimed misconduct on the part of juror Moore. In the first two bills it is asserted that Moore made some remarks in the jury room to the effect that he would not give the d--- negro a suspended sentence; that the other defendants had been awarded three years in the penitentiary and he would not give this one any less. This alleged misconduct was set up in a motion for a new trial. The court heard evidence on the question presented. The juror Nippert, who was the only person willing to recommend a suspension of sentence, testified that Mr. Moore made the remarks attributed to him. Moore denied this. Other members of the jury testified that they heard no such remarks being made by Mr. Moore or anyone else. The court found that the remarks attributed to Moore by Mr. Nippert were not made. The court's

conclusion upon that issue is justified by the evidence and is therefore binding on this court.

In Branch's Ann. Tex. P. 'C., p. 295, sec. 574, it is said: "Where the alleged misconduct was made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the State upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong."

In support of the pronouncement of the law stated, many authorities are cited, among them Shaw v. State, 32 Tex. Cr. R. 155, (22 S. W. 588) ; Adams v. State, 48 Tex. Cr. R. 452; Johnson v. State, 40 S. W. (2d) 111.

By Bill of Exception No. 3 appellant shows that J. H. Nippert, fearing that the jury might be tied up over night and desiring to get home to his wife who was ill, consented to a three-year term in the penitentiary. This matter was also brought forward in the motion for a new trial. This juror could not impeach his own verdict. Hence the court's action in overruling the motion for a new trial was justified. See Chant v. State, 73 Tex. Cr. R. 345; Powell v. State, 79 Tex. Cr. R. 526; Watson v. State, 82 Tex. Cr. R. 305; Johnson v. State, 76 Tex. Cr. R. 346.

The careful trial judge gave all of appellant's requested instructions to the jury except the following: "You are further instructed that if you believe, or have a reasonable doubt, that the property taken at one time by the defendant, acting together with other parties, if he took any property, was under the value of Fifty Dollars, you will acquit the defendant."

We are of the opinion that the evidence did not require such an instruction inasmuch as there was no testimony that the alleged stolen property was taken at different times.

The matter complained of in Bill of Exception No. 4 relating to misconduct of the jury was set up in appellant's motion for a new trial and has been discussed by us in connection with Bills of Exception Nos. 1 and 2 and we see no need of reiterating what we have there said relative thereto.

Having reached the conclusion that no reversible error was committed in the trial of the case, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.