ATKINSON v. ATCHISON, TOPEKA & SANTA FE RY. CO.

LEE et al. v. ATCHISON, TOPEKA & SANTA FE RY. CO.

Nos. 4425, 4426.

United States Court of Appeals Tenth Circuit.

June 6, 1952.

Butts & Grosenbaugh, Hollywood, Cal., and C. Vance Mauney, Albuquerque, N. M., for appellants.

E. C. Iden and Bryan G. Johnson, Albuquerque, N. M., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judg-es.

MURRAH, Circuit Judge.

These actions were brought in the United States District Court of New Mexico to recover damages for personal injuries sustained when the automobile in which the plaintiffs were riding collided with a switch engine, alleged to have been negligently operated by the defendant The Atchison, Topeka and Santa Fe Railway Company. The defendant denied negligence and affirmatively pleaded contributory negligence. Diversity of citizenship and the amount in controversy resolved jurisdiction. Upon trial, the jury returned a verdict in favor of the defendant Railway Company, and plaintiffs have appealed.

The sole question presented on appeal is whether the trial court abused its discretionary control over the scope and extent of cross-examination of appellant Clara Lee, the driver of the automobile.

The pertinent questions propounded to the appellant Clara Lee on cross-examination and her answers thereto, are as follows:

"Q. Do you consider yourself a careful driver? A. Yes Sir.

"Q. Do you always watch ahead. A. Yes Sir.

"Q. And see where you are going? A. Yes Sir.

"Q. Do you always do that and take care as you are proceeding along the highway? A. Yes Sir.

"Q. And you were driving with your customary care at the time, is that right? A. Certainly.

"Q. Do you know a man named Mr. Willis Hobbs? A. Mr. Willis Hobbs? No, Sir.

"Q. Mr. Willis Ezra Hobbs, do you recollect that name? A. No Sir.

"Q. Do you recall meeting him on July 1, 1951, on State Highway 260, about four miles south of Holbrook?

"Mr. Butts: If the Court please, may counsel approach the bench?"

After objection that the evidence about to be elicited was immaterial, the court ad-monished the jury as follows: "I will just caution the jury at this time, inasmuch as counsel has advised the Court of the nature of testimony at this time that is expected, counsel cross-examining expect to develop from the witness she was involved in another accident; and I caution you now that that evidence is only admissible for the purpose of cross-examination of the witness as reflecting, if it does, upon her credibility as a witness concerning her carefulness as a driver. It isn't to be considered as proof of a material fact or that an accident occurred or anything like that. It is only for the purpose of cross-examination of the witness, and you must consider it for no other purpose whatsoever."

Counsel for appellee was then permitted over objection, to question the witness as follows:

"Q. Can you answer the question? A. I met a man; what his name was I don't know.

"Q. Did you at about 2:30 p. m. on June 1, 1951, have an automobile accident, collision, with another car on the State Highway No. 260 in Arizona, at about 4 miles south of Holbrook? A. I did.

"Q. At the time of the collision with this other automobile were you not on the wrong side of the highway in the lane of traffic of this other car? A. I was brought there by what we call a 'dust devil.'

"Q. You were in the other lane of traffic. That was the question. I didn't ask you why. A. Yes.

"The Court: I think, Mr. Johnson, that is far enough."

The events thus related occurred after the accident in this action, and appellant contends that any subsequent acts of negligence on the part of the appellant Clara Lee was immaterial to the issue of negligence before the court, and that its admission on cross-examination was so highly prejudicial as to constitute reversible error.

We agree with appellant, as did the trial court, that the events and circum-

stances relating to a subsequent accident would have no bearing on the issue of negligence in this case, and cross-examination in respect thereto would have been improper if its purpose was to prove or disprove negligence. See Delaware L. & W. R. Co. v. Converse, 139 U.S. 469, 11 S.Ct. 569, 35 L.Ed. 213; Traders & General Ins. Co. v. Boysen, Tex.Civ.App., 123 S.W.2d 1016; Coe v. Widener, Tex.Civ. App., 122 S.W.2d 258; Oklahoma Ry. Co. v. Thomas, 63 Okl. 219, 164 P. 120, L.R.A. 1918A, 956; Rayburn v. Day, 126 Or. 135, 268 P. 1002, 59 A.L.R. 1062. But, the fact that the evidence elicited was immaterial and irrelevant to the issue of negligence does not make it inadmissible if it is otherwise relevant and material.

■■ The credibility of the witness is always relevant in the search for truth and a great latitude is allowed in the cross-examination of an interested party who takes the witness stand. There is no obligation imposed upon the court to protect a witness from being discredited. Its only duty is to protect him from questions which go beyond the bounds of relevancy merely to harass, annoy or humiliate him. Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624; United States v. Klein, 7 Cir., 187 F.2d 873; Kroger Grocery & Baking Co. v. Stewart, 8 Cir., 164 F.2d 841; Stolte v. Larkin, 8 Cir., 110 F.2d 226. Evidence challenging directly the truth of what the witness has said about matters material to the issue on trial, cannot be called collateral and immaterial to the issue of the credibility of the witness, and it is admissible for that purpose. See United States v. Klein, 7 Cir., 187 F.2d 873; Simon v. United States, 4 Cir., 123 F.2d 80; United States v. Buckner, 2 Cir., 108 F.2d 921; United States v. Manton, 2 Cir., 107 F.2d 834; McKelvey on Evidence, Fifth Edition, Section 331; 58 Am.Jur. Witnesses, Sections 623–626.

■ On direct examination, the appellant driver of the car told of how she usually drives at a low rate of speed; how she looks ahead; how she "breaks" her car, and other driving habits. On cross-examination she reaffirmed her precautionary driving habits. The subsequent events which the trial court permitted appellee to develop on cross-examination tended to contradict these statements and impeach the truthfulness of the witness' testimony. Such cross-examination was, therefore, admissible to discredit the witness on a matter material to the case, even though it could tend to influence the ultimate issue of due care.

The judgments are affirmed.