

# The Attorney General of Texas

December 3, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

100 , exas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-238

Re: Whether staff members of the Harris County Commissioners Court and other county officers and employees are authorized to attend executive sessions of the commissioners court

Dear Mr. Driscoll:

You ask the following questions:

> 1. May the commissioners court permit or authorize one or more county officers or employees to attend a closed or executive meeting or session of commissioners court held for the purpose of consulting with its attorney or attorneys regarding pending or contemplated litigation?

> 2. (a) Would the conclusion to the first question apply to such officer or employee who is a party to the litigation and is represented by the same attorney?

> (b) Would the conclusion be the same if said officer or employee were represented by a different attorney?

Your request letter contains the following facts. In 1973, both the Harris County Commissioners Court and the Harris County Sheriff were named as defendants in a lawsuit concerning conditions in the county jail. The parties agreed that the Harris County Attorney should represent the commissioners court and that the Harris County District Attorney should represent the sheriff. During the last 11 years the commissioners court has met several times in executive session to discuss this litigation. These sessions have been attended by the members of the commissioners court and their staffs, by various elected and appointed county officials, by the sheriff, and by the district attorney, the county attorney, and their assistants.    A

dispute over whether some of these individuals were authorized to attend these executive sessions prompted your questions.

Attorney General Opinion JM-6 (1983) established that the members of a governmental body may exclude non-members from its closed meetings. You wish to know whether persons who have no right to attend executive sessions may be admitted by the governmental body.

The Open Meetings Act, article 6252-17, V.T.C.S., provides in relevant part:

> Sec. 2. (a) Except as otherwise provided in this Act or specifically permitted in the Constitution, every . . . meeting or session of every governmental body shall be open to the public; and no closed or executive meeting or session of any governmental body for any of the purposes for which closed or executive meetings or sessions are hereinafter authorized shall be held. . . .
>
> . . . .
>
> (e) Private consultations between a governmental body and its attorney are not permitted except in those instances in which the body seeks the attorney's advice with respect to pending or contemplated litigation, settlement offers, and matters where the duty of a public body's counsel to his client, pursuant to the Code of Professional Responsibility of the State Bar of Texas, clearly conflicts with this Act.

This act requires governmental bodies to open their meetings to the general public, except for limited circumstances under which executive sessions are allowed. Your questions require us to determine whether the admission of some public officers and employees to an executive session convened under section 2(e) is consistent with the policy of openness underlying the act. Since your question is limited to sessions convened under section 2(e), the "litigation exception," our conclusions will also be limited to that issue.

Section 2(e) could be interpreted to authorize only the members of a governmental body and its attorney to attend executive sessions held thereunder. The provision refers to "[p]rivate consultations between a governmental body and its attorney." The underlined language could be read to permit attendance at the executive session only by members of the governmental body and a single attorney to advise them. Under such a construction, neither party would be

allowed to bring an agent or associate to the session. However, the dominent consideration in construing a statute is the intent of the legislature. Calvert v. Texas Pipe Line Co., 517 S.W.2d 777 (Tex. 1974); City of San Marcos v. Lower Colorado River Authority, 508 S.W.2d 403 (Tex. Civ. App. - Austin 1974), modified 523 S.W.2d 641 (Tex. 1975).

As originally enacted, the Open Meetings Act provided that "[n]othing in this Act shall be construed to prevent a governing body from consulting with its attorney." Acts 1967, 60th Leg., ch. 271, at 597. In 1969, however, the legislature amended the act; in the process, it deleted this provision. Acts 1969, 61st Leg., ch. 227, at 674. Shortly thereafter, the same legislature passed Senate Concurrent Resolution No. 83, Acts 1969, 61st Leg., at 3082, which noted the deletion and stated:

> WHEREAS, the privileged nature of communications between attorney and client are recognized by the common law, by Article 38.10, Code of Criminal Procedure of Texas, 1965, and by the rules of the State Bar of Texas; and
>
> WHEREAS, It was the intent of the legislature, in repealing the quoted portion of Section 2, Chapter 271, Acts of the 60th Legislature, Regular Session, 1967 (Article 6252-17, Vernon's Texas Civil Statutes), the open meetings law, to eliminate from that law surplus matter already covered elsewhere in the law; now, therefore, be it
>
> RESOLVED, By the Senate of the State of Texas, the House of Representatives concurring, that the Legislature declare that it did not intend, in passing Senate Bill No. 260 [amending the act], to abridge or in any way affect the privileged nature of communications between attorney and client.

A 1972 Attorney General Opinion determined that Senate Concurrent Resolution No. 83 did not restore the deleted language to the Open Meetings Act. Attorney General Opinion M-1261 (1972). It surveyed out-of-state cases which relied on the attorney-client privilege to find an implied exception for attorney-client conferences in public meetings acts that were silent on that subject. Sacramento Newspaper Guild v. Sacramento County Board of Supervisors, 69 Cal. Rptr. 480 (Cal. App. 1968); Times Publishing Co. v. Williams, 222 So.2d 470 (Fla. App. 1969). Contra Laman v. McCord, 432 S.W.2d 753 (Ark. 1968). See generally Annot. 38 A.L.R. 3d 1070 et seq. (1971).

Attorney General Opinion M-1261 (1972) reasoned that the act must be construed harmoniously with Senate Concurrent Resolution No. 83 and statutory and common law rules on the confidentiality of the attorney-client relationship. It concluded that a governmental body may hold a closed session to discuss legal matters with its attorney when it desires

> advice in regards to pending or contemplated litigation, settlement offers, and similar matters where the duty of a public body's counsel to his client, pursuant to the Rules and Canons of the State Bar of Texas, clearly conflicts with that Article.

A 1973 amendment to article 6252-17, V.T.C.S., enacted the present section 2(e), incorporating almost verbatim the foregoing language. Acts 1973, 63d Leg., ch. 31, §2, at 46.

Thus, Senate Concurrent Resolution No. 83 and Attorney General Opinion M-1261 provide significant evidence of the legislative policies underlying section 2(e). This provision enables governmental bodies and their attorneys to secure the protection of the attorney-client privilege for deliberations it covers. The purpose of the privilege is to promote the unrestrained communication between attorney and client, without fear that the attorney will disclose confidential communications. West v. Solito, 563 S.W.2d 240 (Tex. 1978); 8 Wigmore, Evidence §2291 (McNaughton rev. 1961). A provision like section 2(e) gives a governmental body the opportunity for full communication with its attorney without disclosing its side in litigation to its opponents. See Sacramento Newspaper Guild v. Sacramento County Board of Supervisors, supra; Minneapolis Star and Tribune Co. v. Housing and Redevelopment Authority, 251 N.W.2d 620 (Minn. 1976); Oklahoma Association of Municipal Attorneys v. State, 577 P.2d 1310 (Okla. 1978); cf. Laman v. McCord, supra, (Fogleman, J., concurring) (city attorney can prepare case without detailed discussions with city council). See also City of San Antonio v. Aguilar, 670 S.W.2d 681 (Tex. App. - San Antonio 1984, writ dism'd w.o.j.) (dicta on impracticality of open meeting decision to appeal); Attorney General Opinion MW-417 (1981).

Attorney-client communications are not confidential in the "presence of a third person who is not the agent of either client or attorney." 8 Wigmore, supra, §2311. Thus, section 2(e) does not permit an executive session held to discuss potential litigation with the opposing party. Attorney General Opinion MW-417 (1981). Texas law, however, has recognized that the privilege may extend to persons who are the media of communication between the attorney and client. Burnett v. State, 642 S.W.2d 765 (Tex. Crim. App. 1982) (hypnotist hired by attorneys to refresh defendant's memory). Moreover, rule 503

of the Texas Rules of Evidence defines the attorney-client privilege to cover communications between the client or his representative and his lawyer. Tex. R. Evid. 503(a) and (b). Rule 503 defines "client" to include a public officer or a public entity. Tex. R. Evid. 503(a)(1).

Where the presence of a third party agent or representative of the commissioners court is necessary to the court's full and unrestrained communication with its attorney, we believe that party may attend an executive session validly held under section 2(e) of the Open Meetings Act. See Sacramento Newspaper Guild v. Sacramento County Board of Supervisors, supra, (attorney-client conferences permitted in executive session under circumstances defined by Cal. Evid. Code which permitted presence of some third parties). In some cases, the officers and employees of a governmental body will possess information relevant to the litigation or to evaluating a settlement offer. The litigation may be based on the actions of such persons, carrying out policy of the commissioners court under its supervision and control. Their presence and contribution at the executive session may be essential to effective communication between the governmental body and its attorney.

We therefore conclude that governmental bodies may admit to executive sessions held under section 2(e) those officers and employees who are their representatives or agents with respect to the particular litigation in question and whose presence is necessary to effective communication with the attorney. Furthermore, the governmental body may not admit to its closed discussion of litigation those third parties who are adversaries or whose presence would otherwise prevent privileged communication from taking place. We do not believe that governmental bodies may simply admit anyone they wish regardless of whether that person is likely to make a legitimate contribution to the discussion. See generally Johnson v. State, 174 S.W. 1047 (Tex. Crim. App. 1915); Attorney General Opinion MW-417 (1981).

We do not have sufficient information to determine whether the sheriff could legally be admitted to the executive session. The fact that he is represented by a different attorney is one factor which is relevant to determining whether he is sufficiently aligned with the commissioners court in this litigation to participate in their discussions. The sheriff is directly involved in the litigation, however, and undoubtedly possesses important information concerning the litigation. The commissioners court must determine whether he is sufficiently aligned with its position here to justify his presence. The alignment of the parties suggests that the sheriff and his attorney could properly be admitted to the executive session. A case-by-case analysis of all relevant facts will be necessary to determine whether a particular third party may be admitted to consultations held

under section 2(e) between an attorney and the client governmental body.

## S U M M A R Y

The commissioners court may admit its agents or representatives to executive session meetings held under section 2(e) of the Open Meetings Act, article 6252-17, V.T.C.S., where the third party's interest is aligned with the court's and where his presence is necessary to the court's full communication with its attorney. Whether a particular person may be admitted must be decided by a case-by-case analysis of all relevant facts.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton